SIERRA CLUB, et al., Plaintiffs,

v.

Ann M. VENEMAN, Secretary of Agriculture, et al., Defendants,

and

Texas Forestry Association and American Forest & Paper Association, Defendant Intervenors.

No. 9:85–CV–69.

United States District Court, E.D. Texas, Lufkin Division.

July 28, 2003.

---

Ingrid Karin Hansen, Austin, TX, Larry Robert Daves, Larry R. Daves & Associates, La Junta, CO, Barbara Lowe, Attorney at Law, Philadelphia, PA, Ashley Kingsland Wadick, Austin, TX, Edward H. Green, Weller, Green, Toups & Terrell, LLP, Beaumont, TX, Edward C Fritz, Dallas, TX, Wendel A. Withrow, Carrollton, TX, Douglas Loie Honnold, Bozeman, MT, for plaintiffs.

Daniel A. Bowen, Temple, TX, Ruth Harris Yeager, AUSA, Tyler, TX, Wells D. Burgess, Jean Williams, Martin W. Matzen, Kathryn Toffenetti, Nadira Clarke, Stephanie M. Parent, Lisa A. Holden, Pamela S. West, Myesha K. Braden, Washington, DC, for defendant.

James Roy Cornelius, Zeleskey, Cornelius, Hallmark, Roper & Hicks, Lufkin, TX, Steven P. Quarles, J. Michael Klise, Thomas R. Lundquist, Crowell & Moring, Washington, DC, John C. Fleming, Attorney at Law, Austin, TX, for intervenor-defendant.

Independent Scientists–Amicus Curiae, for movant.

Jeff S. Glitzenstein, Tallahassee, FL, James Roy Cornelius, Zeleskey, Cornelius, Hallmark, Roper & Hicks, Lufkin, TX, for movant.

## ORDER GRANTING FEDERAL DEFENDANTS' MOTIONS FOR APPROVAL OF THE TEXAS RED–COCKADED WOODPECKER PLAN AND DISSOLVING THE 1988 & 1999 INJUNCTIONS

SCHELL, District Judge.

Before the court are several motions addressing the U.S. Forest Service's Texas Red–Cockaded Woodpecker Plan ("Texas RCW Plan"), which is included in the 1996 Revised Land and Resource Management Plan for the National Forests and Grasslands of Texas.

On October 15, 1999, the Federal Defendants filed their motion to lift this court's 1988 injunction and requested approval of the Texas RCW Plan (Dkt. # 611). The Plaintiffs and the Timber Company Intervenors responded. The Plaintiffs also filed a motion, along with supplemental motions, challenging the Forest Service's actions with respect to forest management for the benefit of the Red Cockaded Woodpecker ("RCW") (Dkt. # 621, 628, 635). Then, on February 11, 2003, the Federal Defendants filed their re-urged motion to dissolve the existing 1988 and 1999 injunctions ordered by this court (Dkt. # 678).

The issue before this court on remand from the United States Court of Appeals for the Fifth Circuit, *Sierra Club v. Glickman,* 67 F.3d 90 (5th Cir.1995), is whether the Texas RCW Plan satisfies the requirements of the Endangered Species Act ("ESA"), 16 U.S.C. § 1531, *et seq.* The court has been provided with the lengthy administrative record leading up to the decision by the Forest Service to adopt the proposed Texas RCW Plan. The court has also been provided with extensive briefing from the Federal Defendants, the Timber Intervenors, and the Plaintiffs.

The U.S. Court of Appeals for the Fifth Circuit has on two occasions addressed

this court's 1988 injunction. In *Sierra Club v. Yeutter*, the Court of Appeals held that once the Forest Service "... produces a plan that is legally sufficient, when reviewed under the arbitrary and capricious standard, the district court is not to substitute its judgment for that of the agency as to which particular features might be most desirable or efficacious." 926 F.2d 429, 440 (5th Cir.1991).

Also, in the *Glickman* case, the Court of Appeals again made it clear that this court's review of the Forest Service's plan for preserving the RCW is narrowly circumscribed by the test set forth in the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A). That is, the Forest Service's findings and conclusions may be set aside only if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* This standard of review is highly deferential. *Avoyelles Sportsmen's League, Inc. v. Marsh,* 715 F.2d 897, 904 (5th Cir.1983). The district court's "... role is to review the agency action to determine whether the decision was based on a consideration of the relevant factors and whether there was a clear error of judgment. [citations omitted]. Thus, if the agency considers the factors and articulates a rational relationship between the facts found and the choice made, its decision is not arbitrary or capricious. [citations omitted]. Indeed, the agency's decision need not be ideal, so long as it is not arbitrary or capricious, and so long as the agency gave at least minimal consideration to relevant facts contained in the record." *State of Louisiana v. Verity,* 853 F.2d 322, 327 (5th Cir.1988).

Therefore, this court must grant deference in scientific and biological matters to the Forest Service and the U.S. Fish and Wildlife Service, as the expert agency with which the Forest Service must consult on enforcement of the ESA. If the Forest Service's Texas RCW Plan provides for a particular approach to forest and habitat management for the RCW that is not arbitrary, based on the administrative record and the best available science, then the Plan must be upheld.

Notwithstanding the Fifth Circuit's pronouncements in *Yeutter* and *Glickman* and despite established precedent on the proper standard of review to be applied, the Sierra Club and the Texas Committee on Natural Resources assert in their response to the pending motion that "... the standard of review is not 'arbitrary and capricious', but rather: Were the injunctions a proper remedy based on evidence presented to the court of prior violations and threatened future violations?" Pls.' Resp. to Fed. Defs.' Re–Urged Mot. to Dissolve Inj. at 3. The Plaintiffs make this incorrect assertion in spite of the fact that the Fifth Circuit Court of Appeals stated explicitly in *Yeutter* that "[t]he review shall be of the plan, and its effects on the RCW and its habitat, as a whole, and not for compliance, per se, with the district court's previous directions as to the specific features such a plan must contain." *Yeutter,* 926 F.2d at 440.

The court finds that the Texas RCW Plan, when reviewed under the deferential standard of the APA is neither arbitrary nor capricious and satisfies the requirements of sections 7 and 9 of the ESA, 16 U.S.C. §§ 1536 and 1539. The court notes that, while not necessary for approval, the Texas RCW Plan continues some of the same practices mandated by this court's 1988 injunction. Those practices include the establishment of a program of mid-story hardwood removal. This feature is based upon the undisputed fact that this particular species of woodpecker requires a relatively open forest habitat without hardwood mid-story encroachment. The best scientific data reveals that prescribed fire, as provided for in the Tex-

as RCW Plan, is the preferred method for removal of mid-story vegetation. The Texas RCW Plan does, by necessity for those instances in which the hardwood mid-story cannot be effectively removed by fire, provide for mechanical and chemical methods of mid-story control as alternatives.

The Texas RCW Plan also continues the 1988 injunction's mandate to preserve the old-growth pine trees needed by the RCW for nesting and to thin the forest in and around RCW colonies to provide the necessary habitat of open, park-like stands of pine preferred by this species. The Forest Service's Texas RCW Plan creates Habitat Management Areas ("HMA's") that are larger than the 3/4 mile circles around RCW colony sites which were the geographical areas used in the 1988 injunction order. These HMA's make up approximately 41% of the Texas National Forests according to the Timber Intervenors. Timber Intervenors' Resp. in Support of Fed. Defs.' Mot. to Vacate the RCW Inj. at 6.

The primary objection by the Plaintiffs is that the Texas RCW Plan allows clear-cutting or even-aged management in addition to uneven-aged management methods for timber production in the Texas National Forests. This court has some familiarity with the impact of clear-cutting, having issued an injunction in 1993 prohibiting that practice in the Texas National Forests based upon an interpretation of the National Forests Management Act ("NFMA") that the NFMA allows clear-cutting only in exceptional circumstances. On appeal, the Fifth Circuit Court of Appeals vacated that injunction holding that the NFMA "... does not bar even-aged management or require that it be undertaken only in exceptional circumstances ..." *Sierra Club v. Espy,* 38 F.3d 792, 800 (5th Cir.1994). In 1997, this court again issued an injunction that prohibited

all logging, including clear-cutting, based upon the court's findings that the Forest Service had failed to follow the NFMA and its own regulations requiring protection of soil and watershed resources and requiring inventorying and monitoring of the impact of its forest management practices. That injunction was also vacated on appeal after an en banc hearing by the Fifth Circuit Court of Appeals. The Fifth Circuit held that, under the separation of powers doctrine, the courts do not have jurisdiction to hear broad, programmatic challenges to agency plans and programs. Only challenges to final, specific agency action, such as a specific timber sale, are permissible. *Sierra Club v. Peterson,* 204 F.3d 580 (5th Cir.2000).

Again, notwithstanding these rulings by the Fifth Circuit, the Plaintiffs urge this court to withhold approval of and enjoin that portion of the Texas RCW Plan that provides for the use of clear-cutting in the Texas National Forests. The Plaintiffs request directly contradicts the *Peterson* holding that they may only challenge clear-cutting in the event the Forest Service should choose that option in connection with a specific sale of timber in the future. Moreover, according to the Texas RCW Plan, no clear-cutting is allowed unless a site-specific evaluation shows a long-term benefit for the RCW and no short-term adverse effects. Also, no timber cutting at all is permitted within clusters of cavity trees or recruitment stands except to improve RCW habitat, such as thinning or mid-story removal. Further, if even-aged cutting is utilized, the Texas RCW Plan provides for rotation ages of 80–120 years, depending on the species of pine. Fed. Defs.' Mot. to Lift 1988 Inj. and for Approval of Tex. RCW Plan at 27–28.

While there may be legitimate disagreements among scientists on particular methods of accomplishing an objective in

the Texas RCW Plan, that disagreement does not mean the Forest Service acts arbitrarily when it must choose among competing alternatives.

After hearing oral arguments, examining the administrative record, and reading the parties' written submissions, the court concludes, for the reasons stated herein and those dictated into the record in open court on July 25, 2003, following oral arguments, that the Texas RCW Plan meets the requirements of the ESA and the Plan is therefore approved. Consequently, there is no further need for either the 1988 injunction or the 1999 injunction issued by this court, and those injunctions are hereby dissolved. Finally, the ESA claims brought by the Plaintiffs in this lawsuit are hereby dismissed.

It is so ORDERED.